UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER HORTON,

                        Plaintiff,

v.                                                          1:08-CV-0513
                                                            (GTS/RFT)
DONALD WILLIAMS, D.A.; and
BERNARD KELLER, INVESTIGATOR,

                        Defendants.
_____

APPEARANCES:                                OF COUNSEL:

RAPPORT, MEYERS, WHITBECK, SHAW             CARL G. WHITBECK, JR., ESQ.
& RODENHAUSEN, LLP
  Counsel for Plaintiff
436 Union Street
Hudson, New York 12534

MAYNARD, O'CONNOR, SMITH                    ADAM T. MANDELL, ESQ.
& CATALINOTTO, LLP
  Counsel for Defendant Williams
Route 9W, P.O. Box 180
Saugerties, New York 12477

HON. ANDREW M. CUOMO                        DAVID COCHRAN, ESQ.
Attorney General for the State of New York  Assistant Attorney General
  Counsel for Defendant Keller
The Capital
Albany, New York 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM DECISION and ORDER**

     Currently before the Court in this civil rights action filed by Christopher Horton

("Plaintiff") is a motion to dismiss for failure to state a claim and/or lack of subject-matter

jurisdiction filed by Donald Williams ("Defendant Williams") and a motion for summary

judgment filed by Bernard Keller ("Defendant Keller").  (Dkt. Nos. 64, 68.)  For the reasons set

forth below, Defendant Williams's motion is granted, and Defendant Keller's motion is granted

in part and denied in part.

I.     RELEVANT BACKGROUND

       A.     Plaintiff's Claims

       Generally, liberally construed, Plaintiff's Complaint alleges that, between approximately

September 5, 2006, and October 31, 2006, in Ulster County, New York, Defendants violated

Plaintiff's rights under the United States Constitution by falsely imprisoning him, defaming him,

and depriving him of due process.  (*See generally* Dkt. No. 2 [Plf.'s Compl.].)  Familiarity with

the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this

Decision and Order, which is intended primarily for the review of the parties.  (*Id*.)

       B.     Undisputed Material Facts

       The following is a general summary of material facts that are undisputed by the parties.

(*Compare* Dkt. No. 64, Attach. 4 [Def. Williams's Memo. of Law] *with* Dkt. No. 68 [Plf.'s

Response Memo. of Law], *and* Dkt No. 70 [Def. Keller's Rule 7.1 Statement] *with* Dkt. No. 71

[Plf.'s Rule 7.1 Response].)[1]

       On September 5, 2006, Plaintiff was arrested and charged with two counts of rape in the

third degree, two counts of endangering the welfare of a child, and two counts of unlawfully

dealing with a child.  Plaintiff was remanded without bail by the Honorable Terry B. Elia.  On

---

[1]      Although Defendant Williams did not file a motion for summary judgment,
Defendant Williams relies on, and properly cites, record evidence in the recitation of facts
contained in his memorandum of law in support of his motion to dismiss, which requests
dismissal, in part, for lack of subject-matter jurisdiction.

September 7, 2006, a preliminary hearing was held, but was adjourned until September 13, 2006.

Plaintiff's criminal rape charges were subsequently dismissed.  On October 24, 2006, Plaintiff

was indicted by a grand jury on charges of criminal sale of marijuana and unlawfully dealing

with a child, for which Plaintiff was arraigned on October 31, 2006.  Plaintiff remained in jail

until January 31, 2007, at which time he pleaded guilty to the charges of unlawfully dealing with

a child.  He was sentenced to time served.  Upon his release, Plaintiff lost his job, which he had

held for seven years, and was asked to leave nursing school.

Familiarity with the remaining undisputed material facts of this action, as well as the

disputed material facts, as set forth in the parties' Rule 7.1 Statements and Rule 7.1 Responses, is

assumed in this Decision and Order, which (again) is intended primarily for review by the

parties.

C.   **Defendants' Motions**

1.   **Defendant Williams's Motion to Dismiss**

Generally, in support of his motion to dismiss for failure to state a claim and/or for lack

of subject-matter jurisdiction pursuant to Fed. R. Civ P. 12(b)(6) and 12(b)(1), Defendant

Williams argues as follows: (1) Plaintiff's claims against Defendant Williams are barred by

doctrine of absolute prosecutorial immunity, because each of those claims relate to Defendant

Williams' actions as District Attorney; (2) in the alternative, to the extent that Plaintiff's claims

are asserted against Defendant Williams in his official capacity, those claims are barred by the

Eleventh Amendment doctrine of sovereign immunity; (3) in the alternative, each of Plaintiff's

claims against Defendant Williams should be dismissed because the Court lacks subject-matter

jurisdiction over those claims under the *Rooker-Feldman* doctrine, which, *inter alia*, effectively

precludes federal district courts from entertaining collateral attacks on the validity underlying

state court criminal proceedings; and (4) in the alternative, Plaintiff's claims for defamation and

false imprisonment are barred by the applicable statute of limitations.  (*See generally* Dkt. No.

64, Attach. 4 [Def. Williams's Memo. of Law].)

       In response to Defendant's motion to dismiss, Plaintiff argues that the *Rooker-Feldman*

doctrine does not deprive the Court of subject-matter jurisdiction over Plaintiff's claims.  (*See*

*generally* Dkt. No. 68, Attach. 1 [Plf.'s Response Memo. of Law].)

       **2.**      **Defendant Keller's Motion for Summary Judgment**

       As an initial matter, the Court notes that Defendant Keller's "cross-motion" for summary

judgment, which in no way opposes Defendant Williams's motion to dismiss for failure to state a

claim, and requests dismissal of Plaintiff's Complaint on a different basis than does Defendant

Williams's motion, is not a *cross-motion* for summary judgment but is instead a *motion* for

summary judgment.[2]  As a result, Defendant Keller was required to file this dispositive motion

by February 26, 2010.  (Dkt. No. 61.)  However, Defendant Keller filed his motion April 19,

2010, fifty-two (52) days after the expiration of the disposition-motion filing deadline. (Dkt. No.

69.)  The Court notes that, when Defendant Keller requested an extension of the deadline by

--------

      [2]      The Court notes that *Black's Law Dictionary* defines "cross-motion" as "[a]
*competing* request for relief or orders *similar* to that requested by another party *against* the
cross-moving party . . ."  *Black's Law Dictionary* at 1106 (9th ed. 2009) [emphasis added].  As a
result, a cross-motion must (1) be made by the party against whom the originally moving party
sought relief, and (2) seek relief similar to that requested by the originally moving party.  This
interpretation of the term "cross-motion" is consistent with the Court's Local Rules of Practice
for the Northern District of New York, which requires that (1) a party must make a cross-motion
at the same time it serves its *opposition* to the original motion, and (2) a party's brief in support
of its cross-motion must be *combined* with the party's brief in opposition to the original motion.
N.D.N.Y. L.R. 7.1(c).

which he had to file a response to Defendant Williams's motion, Defendant Keller did not

request–and was not subsequently granted–an extension of the dispositive-motion filing

deadline.  (Dkt. No. 67; Text Order filed 4/9/10.)

Based on Defendant Keller's failure to comply with the dispositive-motion filing

deadline, the Court may, in its discretion, decline to consider Defendant Keller's motion.

However, of course, the Court may alternatively, in its discretion, agree to consider the motion.

Indeed, "district courts possess the power to enter summary judgment *sua sponte*, as long as the

losing party was on notice that such party was required to come forward with all necessary

evidence."  *Hastie v. J.C. Penney Co., Inc.*, 886 F. Supp. 1017, 1030-31 (W.D.N.Y. 1994)

(citation omitted).

Here, Plaintiff was on notice that the Court might decide on the merits of Defendant

Keller's untimely motion "[b]y virtue of the fact that [Defendant Keller] did file a summary

judgment motion on this issue, . . . [and] no ruling had been made as to the untimeliness of the

motion."  *Hastie*, 886 F. Supp. at 1031.  Indeed, Plaintiff filed a response to Defendant Keller's

untimely motion for summary judgment.  (Dkt. No. 71.)  Moreover, in that response, Plaintiff

responded to Defendant Keller's Statement of Material Facts, set forth additional material facts

that Plaintiff contends are in dispute, and supported his denials and factual assertions with record

evidence.  (*Id.*; Dkt. No. 71, Part 2.)  Finally, also in that response, Plaintiff (in addition to

challenging the timeliness of Defendant Keller's motion for summary judgment) addressed the

merits of Defendant Keller's motion that the Court lacks subject-matter jurisdiction over

Plaintiff's claims under the *Rooker-Feldman* doctrine.  (Dkt. No. 71, Part 1, at 3-4.)  As a result,

under the circumstances, the Court finds good cause to consider Defendant Keller's untimely

motion for summary judgment.[3]

Generally, in support of his motion for summary judgment pursuant to Fed. R. Civ. P. 56, Defendant Keller argues as follows: (1) based on the record evidence, a rational fact finder could only conclude that there was probable cause for Plaintiff's arrest; (2) Plaintiff's claims against Defendant Keller in his official capacity are barred by the Eleventh Amendment; (3) the Court is without subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine; and (4) Plaintiff's claims for defamation and false imprisonment should be dismissed with prejudice as barred by the applicable statute of limitations.  (*See generally* Dkt. No. 69, Attach. 5 [Def. Keller's Memo. of Law].)

In response to Defendant Keller's motion for summary judgment, Plaintiff argues as follows: (1) Defendant Keller's cross-motion for summary judgment was not proper under Fed. R. Civ. P. 56(c), Local Rule 7.1, or the Court's Amended Scheduling Order of January 16, 2010, and should therefore not be considered by the Court; and (2) the *Rooker-Feldman* doctrine does not deprive the Court of subject-matter jurisdiction over Plaintiff's claims.  (*See generally* Dkt. No. 71, Attach. 1 [Plf.'s Response Memo. of Law].)

## II.    RELEVANT LEGAL STANDARDS

### A.    Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing motions for summary judgment, the

---

[3]    *See also Staley v. Owens*, No. 09-12141, 2010 WL 653367, at *2 (11th Cir. Feb. 24, 2010) (noting that "[The Eleventh Circuit has] held that a district court may consider an untimely motion for summary judgment if doing so is in the interest of judicial economy") (citing *Thomas v. Kroger Co.*, 24 F.3d 147, 149 [11th Cir. 1994]).

Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Pitts v. Onondaga County Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

       **B.**       **Legal Standard Governing Motions to Dismiss for Failure to State a Claim**

      Similarly, because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing motions to dismiss for failure to state a claim, the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.), which accurately recites that legal standard.

       **C.**       **Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction**

"A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000) (citing Fed. R. Civ. P. 12[b][1]). "In resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Makarova*, 210 F.3d at 113 (citation omitted). "A plaintiff asserting subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation omitted).

       **D.**       **Legal Standards Governing Plaintiff's Claims**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing

7

Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for the review of the parties.  (*See* Dkt. No. 64, Attach. 4 [Def. Williams's Memo. of Law]; Dkt. No. 68, Attach. 1 [Plf.'s Response Memo. of Law]; Dkt. No. 69, Attach. 5 [Def. Keller's Memo. of Law]; Dkt. No. 71, Attach. 1 [Plf.'s Response Memo. of Law].)

## III.   ANALYSIS

### A.   Plaintiff's Claims Against Defendant Williams

As stated above in Part I.C.1. of this Decision and Order, Defendant Williams advances four arguments in support of his request for the dismissal of Plaintiff's claims against him: (1) Plaintiff's claims against Defendant Williams are barred by doctrine of absolute prosecutorial immunity, because each of those claims relate to Defendant Williams' actions as District Attorney; (2) in the alternative, to the extent that Plaintiff's claims are asserted against Defendant Williams in his official capacity, those claims are barred by the Eleventh Amendment doctrine of sovereign immunity; (3) in the alternative, each of Plaintiff's claims against Defendant Williams should be dismissed because the Court lacks subject-matter jurisdiction over those claims under the *Rooker-Feldman* doctrine, which, *inter alia*, effectively precludes federal district courts from entertaining collateral attacks on the validity underlying state court criminal proceedings; and (4) in the alternative, Plaintiff's claims for defamation and false imprisonment against Defendant Williams are barred by the applicable statute of limitations.

Based on the current record, the Court accepts Defendant Williams's first argument that the Eleventh Amendment bars any claim asserted against Defendant Williams in his official capacity.  This is because Plaintiff's claims against Defendant Williams arise out of actions

taken by Defendant Williams in his capacity as district attorney for Ulster County (specifically, his criminal prosecution of Plaintiff). *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 536 (2d Cir. 1993) (noting that "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county," and concluding that when "a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is [therefore] entitled to invoke the Eleventh Amendment immunity belonging to the state") (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 [2d Cir. 1988], *cert. denied*, 488 U.S. 1014 [1989]).

Furthermore, based on the current record, the Court accepts Defendant Williams's second argument that absolute prosecutorial immunity bars any claim asserted against him in his individual capacity. *See Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.") (quoting *Imber v. Pachtman*, 424 U.S. 409, 410, 431 [1976]).[4]

For these reasons, Plaintiff's claims against Defendant Williams cannot survive Defendant Williams's motion to dismiss. Because the Court has found adequate grounds on which to dismiss Plaintiff's claims against Defendant Williams, the Court need not, and does not,

---

[4]       *See also Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (noting that "prosecutors are immune from § 1983 liability for their conduct before a grand jury"); *Shmueli*, 424 F.3d at 237 (noting a "prosecutor has absolute immunity for the initiation and conduct of a prosecution"); *and Amaker v. Clinton County*, 08-CV-0058, 2008 WL 5157442 at *5 (N.D.N.Y. Dec. 8, 2008) (Kahn, J.) (noting that "prosecutors are also entitled to absolute immunity when confronted with claims of false arrest or false imprisonment"); *accord*, *Palmer v. Monroe County Deputy Sheriff,* 00-CV-6370, 2004 WL 941784 at *8 (W.D.N.Y. April 29, 2004); *Tartaglione v. Pugliese*, 01-CV-9874, 2002 WL 31387255 at *6 (S.D.N.Y. Oct. 23, 2002).

address Defendant Williams's alternative arguments for the dismissal of those claims–

specifically, his arguments regarding a lack of subject-matter jurisdiction over those claims

and/or the expiration of the applicable statute of limitations governing those claims.

      **B.**     **Plaintiff's Claims Against Defendant Keller**

As stated above in Part I.C.2. of this Decision and Order, advances four arguments in

support of his request for the dismissal of Plaintiff's claims against him: (1) based on the record

evidence, a rational fact finder could only conclude that there was probable cause for Plaintiff's

arrest; (2) in the alternative, to the extent that Plaintiff's claims are asserted against Defendant

Keller in his official capacity, those claims are barred by the Eleventh Amendment doctrine of

sovereign immunity; (3) in the alternative, each of Plaintiff's claims against Defendant Keller

should be dismissed because the Court lacks subject-matter jurisdiction over those claims under

the *Rooker-Feldman* doctrine, which, *inter alia*, effectively precludes federal district courts from

entertaining collateral attacks on the validity underlying state court criminal proceedings; and (4)

in the alternative, Plaintiff's claims for defamation and false imprisonment against Defendant

Keller should be dismissed with prejudice as barred by the applicable statute of limitations.

Based on the current record, the Court accepts Defendant's first argument. "A claim for

false arrest is a type of claim for false imprisonment." *Coyle v. Coyle*, 354 F. Supp.2d 207, 211

(E.D.N.Y. 2005). "To establish a claim for false arrest or false imprisonment under 42 U.S.C. §

1983, a plaintiff must show that 'the defendant intentionally confined him without his consent

and without justification.'" *McMillan v. City of New York*, 03-CV-0626, 2009 WL 261478, at *7

(E.D.N.Y. Feb. 4, 2009) (quoting, *inter alia*, *Escalera v. Lunn*, 361 F.3d 737, 743 [2d Cir.

2004]). "The existence of probable cause to arrest constitutes justification and 'is a complete

defense to an action for false arrest,' whether that action is brought under state law or under §
1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted); *see also*
*Broughton v. New York State*, 37 N.Y.2d 451, 456-57 (N.Y. 1975) (noting that a plaintiff will
prevail on a claim of false arrest under New York law if he can show that the arrest was not
privileged, i.e., not based on probable cause). "[P]robable cause to arrest exists when the
officers have knowledge or reasonably trustworthy information of facts and circumstances that
are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested
has committed or is committing a crime." *Weyant*, 101 F.3d at 852. In addition, "a claim for
false arrest turns only on whether probable cause existed to arrest a defendant[;] . . . it is not
relevant whether probable cause existed with respect to each individual charge, or, indeed, any
charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d
149, 154 (2d Cir. 2006). "Stated differently, when faced with a claim for false arrest," this Court
must "focus on the validity of the arrest and not on the validity of each charge." *Jaegly*, 439
F.3d at 154.

In this case, the record evidence establishes that, before Plaintiff's arrest, two female
children (ages fifteen and sixteen) provided officers of the New York State Police Department
with sworn statements that, in sub and substance, Plaintiff provided them with alcohol and had
sexual intercourse with them in September of 2005. (Dkt. No. 64, Attach. 1, 57-63.) In addition,
the record evidence establishes that these same two females picked Plaintiff out of a photo line-
up, which was presented to them by State Police officers prior to Plaintiff's arrest. (Dkt. No. 69,
Attach. 4.) This information provided Defendant Keller with reasonably trustworthy information
sufficient to believe that Plaintiff had committed a crime. The Court notes that, whether Plaintiff

11

was led to believe he was going to the police barracks to discuss a stolen safe is immaterial to

Defendant Keller's motion, because the police had probable cause to arrest Plaintiff at the time

he was taken into custody based on the two supporting depositions and the photo identification.

*See Jaegly*, 439 F.3d at 154.

Based on the current record, the Court also accepts Defendant Keller's second argument.

It is an undisputed fact that, during the relevant time period, Defendant Keller was an

investigator for the New York State Police, an agency of New York State.  As a result,

Defendant Keller was a state official, absolutely immune from any action seeking damages that

is brought against him in his official capacity.  *See Ying Jing Gan*, 996 F.2d at 529 (noting that,

"[t]o the extent that [a damages] claim is asserted against [a] state official in his official capacity,

he may assert the state's Eleventh Amendment immunity against suit").

For all these reasons, Plaintiff's claim of false imprisonment against Defendant Keller is

dismissed.  Moreover, because a rational fact finder could only conclude that Defendant Keller

had probable cause to arrest Plaintiff, Plaintiff's claim of deprivation of due process against

Defendant Keller is similarly dismissed.[5]  Because the Court has found adequate grounds on

---

[5]      *See United States v. McDermott*, 918 F.2d 319, 325 (2d Cir. 1990) ("Due process requires probable cause for an arrest, and when police officers acting in bad faith make an arrest without probable cause, the person arrested has suffered a deprivation of liberty without due process of law."); *Pierre v. City of New York*, 05-CV-5018, 2007 WL 2403573, at *13 (E.D.N.Y. Aug. 17, 2007) (noting that the existence of probable cause to arrest negates any due process claim); *Clark v. Dowty*, 05-CV1345, 2007 U.S. Dist. LEXIS 49184, at *18 (D. Conn. July 9, 2007) ("Because the Court has already found that probable cause existed for the arrest of plaintiff, there was no violation of his substantive or procedural due process rights regarding this claim.") (citing *Lucky v. City of New York*, 03-CV-1983, 2004 U.S. Dist. LEXIS 18672, at *18 [S.D.N.Y. Sept. 21, 2004] [where there was probable cause for plaintiff's arrest, there was no violation of substantive due process], *aff'd*, 140 F. App'x 301 [2d Cir. 2005]); *Little v. City of New York*, 487 F. Supp.2d 426, 442-43 (S.D.N.Y. 2007) ("[N]o reasonable juror could conclude that [defendant] deprived plaintiff of his liberty without due process because . . . [defendant] had

which to dismiss Plaintiff's false imprisonment and due process claims against Defendant Keller, the Court need not, and does not, address Defendant Keller's alternative arguments for dismissal of those claims–specifically, his arguments regarding a lack of subject-matter jurisdiction over those claims and/or the expiration of the applicable statute of limitations governing those claims.

Finally, to the extent that Plaintiff's Complaint may be liberally construed to assert a state law claim of defamation against Defendant Keller, the Court declines to extend pendent jurisdiction over that claim.  Instead, while recognizing that any such state law defamation claim against Defendant Keller would not likely survive an appropriate motion to dismiss in state court,[6] the Court dismisses that claim without prejudice to refiling in New York State Court within thirty (30) days of this Decision and Order, pursuant to 28 U.S.C. § 1367(d).[7]  To this

---

probable cause for the arrest."); *N.Y.S. Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 172-73 (2d Cir. 2001) ("Because no constitutional violation has been shown, the plaintiffs' procedural due process claims are dismissed with prejudice.").

[6]      *See Monroe v. Schenectady County*, 266 A.D.2d 792, 795 (N.Y. App. Div., 3d Dept. 1999) ("It is obvious that the Sheriff was acting wholly within the scope of his duties (as alleged in plaintiff's complaint) in publishing the charges in a disciplinary action and thus was protected by an absolute privilege providing him immunity from a suit for defamation."); *Remley v. State*, 665 N.Y.S.2d 1005, 1008 (N.Y. Ct. Cl. 1997) (noting that "[a] person filing a formal complaint charging another with a crime is . . . entitled to absolute immunity from a civil suit for defamation").

[7]      *See Hurley v. County of Yates*, 04-CV-6561, 2005 WL 2133603, at *3 (W.D.N.Y. Aug. 31, 2005) (citing 28 U.S.C. § 1367[c][3]), *accord Middleton v. Falk*, 06-CV-1461, 2009 WL 666397, at *9 (N.D.N.Y. Mar. 10, 2009) (Suddaby, J. adopting Homer, M.J.); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if . . . not present a federal court should hesitate to exercise jurisdiction over state claims.") (citations omitted); *Neu v. Corcoran*, 869 F.2d 662, 669-70 (2d Cir. 1989) (finding that, because "the law of this Circuit [has not] clearly establishe[d] that the governmental defamation alleged by [plaintiff, i.e. remarks made about him by governmental agents at an insurance convention that did not result in plaintiff losing a clearly established liberty interest,] rises to the level of a constitutional violation, rather than simply a state law tort[,] . . . it would be inappropriate to exercise pendent jurisdiction over the state law claim"), *cert. denied,* 492 U.S. 816 (1989).

limited extent, Defendant Keller's motion for summary judgment–which requests the dismissal of Plaintiff's defamation claim against him with prejudice–is partially denied.

      **ACCORDINGLY,** it is

      **ORDERED** that Defendant Williams's motion to dismiss all claims against him for failure to state a claim (Dkt. No. 64) is **<u>GRANTED</u>**; and it is further

      **ORDERED** that Defendant Keller's motion for summary judgment (Dkt. No. 69) is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part** in that Plaintiff's claims for false imprisonment and due process are **DISMISSED with prejudice**; and Plaintiff's claim for defamation is **DISMISSED without prejudice**, as described above in Part III.B. of this Decision and Order; and it is further

      **ORDERED** that Plaintiff's claim of defamation against Defendant Keller, asserted in Plaintiff's Complaint (Dkt. No. 2), is **<u>DISMISSED</u> without prejudice** to refiling in New York State Court within THIRTY (30) DAYS of this Decision and Order, pursuant to 28 U.S.C. § 1367(d); and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 2) is **<u>DISMISSED</u> with prejudice**. The clerk is directed to enter judgment dismissing all claims in this case.

Dated: August 24, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge